Thomas R. Burke (CA State Bar No. 141930)
thomasburke@dwt.com
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, CA 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599

Selina MacLaren (CA State Bar No. 300001)
selinamaclaren@dwt.com
Sam Lachman (CA State Bar 331969)
samlachman@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 So. Figueroa Street, Suite 2400
Los Angeles, CA 90017
Telephone: (213) 633-6800
Facsimilie: (213) 633-6899

Attorneys for Plaintiffs
VOICE OF SAN DIEGO and WILL HUNTSBERRY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VOICE OF SAN DIEGO; WILL HUNTSBERRY,<br><br>Plaintiff,<br><br>v.<br><br>NAVAL CRIMINAL INVESTIGATIVE SERVICE; U.S. DEPARTMENT OF THE NAVY; U.S. DEPARTMENT OF DEFENSE,<br><br>Defendants. | Case No. **'22CV834 BTM RBB**<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATION OF THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552,** *et seq.* |

COMPLAINT
Case No.

Plaintiffs Voice of San Diego and Will Huntsberry, in and for their Complaint for Declaratory and Injunctive Relief for Violation of the Freedom of Information Act against Naval Criminal Investigative Service ("NCIS"), U.S. Department of the Navy, and U.S. Department of Defense ("Defendants"), allege as follows:

## THE PARTIES

1. Plaintiff Voice of San Diego is a nonprofit news organization, with its principal place of business located in San Diego County, California. It was founded in 2005 to bring more reporting, analysis, and journalistic competition to the region.

2. Plaintiff Will Huntsberry is a reporter for the Voice of San Diego, and a resident and citizen of the Southern District of California.

3. Defendant Naval Criminal Investigative Service is a component of Defendant U.S. Department of the Navy, which is a component of Defendant U.S. Department of Defense ("DOD"), itself a component of the Executive Branch of the United States Government. Defendants are each an "agency" within the meaning of 5 U.S.C. § 552(f). Plaintiffs are informed and believe that NCIS has possession and control of the records sought by Plaintiff Huntsberry's FOIA Request.

## JURISDICTION AND VENUE

4. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties under 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. §§ 701-706, and 28 U.S.C. § 1331.

5. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) because Voice of San Diego has its place of business in San Diego, and Mr. Huntsberry's FOIA Request to NCIS occurred in the District.

DAVIS WRIGHT TREMAINE LLP

1

COMPLAINT
Case No.

# FACTUAL BACKGROUND

6. In 2020 and 2021, a number of individuals died while in the Navy or the Marine Corps in the San Diego area. Many of these were reported to be suicides. Military suicides were reported to have increased as much as 20% during the COVID era.[1] In 2020, 581 service members committed suicide, and in the first three quarters of 2021, 383 members did so.[2]

7. Plaintiff Huntsberry sent a Freedom of Information Act Request to NCIS on January 25, 2022, requesting a copy of the NCIS investigation into the death of twenty named individuals who died between 2020 and 2021. The Request specifically asked for:

> the NCIS investigative file regarding the death of each of the following US Navy and Marine Corps personnel. Kellen Steven Watelet, DOB: 2/26/97, US Navy Joshua James Lynn Hedges, DOB: 3/9/85, US Navy Emilea Elayna Johnson, DOB: 8/7/96, US Navy Austin Thomas Henderson, DOB: 4/16/20, USMC James Andrew Tue Thien Phu Vo, DOB: 8/6/00, US Navy Tyson Barry Brown, DOB: 11/1/94, USMC Jessica Danielle Churchwell, DOB: 5/3/99, USMC Victor Ramon Figueroa, DOB: 1/23/98, US Navy Ethyn Marquez Shilling, DOB: 2/21/97, USMC Brian Russell Gibbons, DOB: 11/3/98, US Navy Alberto CJ Sanchez Larson, DOB: 12/29/99, USMC Michael Morgan Soesbee, DOB: 10/5/99, USMC Xavier Alexis Maldonado-Soto, DOB: 5/26/00, US Navy Gino Zaragoza

---

[1] *See* Lolita C. Baldor and Roberts Burns, "Military suicides up as much as 20% in COVID era", from *Military Times* (Sept. 27, 2020), available at: [Military suicides up as much as 20% in COVID era (militarytimes.com)](#).

[2] Andrew Mark Miller and Lucas Y. Tomlinson, "More military service members committed suicide July-Sept 2021 than have ever died from coronavirus", from *Fox News* (Jan. 11, 2022), available at: [More military service members committed suicide July-Sept 2021 than have ever died from coronavirus | Fox News](#).

DAVIS WRIGHT TREMAINE LLP

Alonzo, DOB: 5/28/00, USMC Isaiah Glenn Silvio Peralta, DOB: 4/2/00, US Navy Mary Eunice McGavin, DOB: 5/2/01, USMC Blake Anthony Coolberth, DOB: 5/15/01, USMC Emmanuel Prince Addomensah, DOB: 11/15/20, USMC John Harnack Madeus, DOB: 11/09/99, US Navy Angel Antonio Bielostozky, DOB: 11/09/95, USMC. Each of the preceding individuals died during 2020 and 2021 in San Diego County. I have written their full names exactly as I believe them to be recorded within NCIS's files. However, should you not be able to locate one of the individuals above, but do locate an NCIS investigative file for someone with a similar name, who died during 2020 or 2021, I would like those file[s] to be included in my request.

8. Plaintiff Huntsberry stated that he was a member of the media and asked for reduced fees.

9. Defendant NCIS sent an initial response to the Request on February 2, 2022. See **Exhibit A** attached hereto. In its response, NCIS stated that investigations existed for 18 out of the 20 individuals. NCIS informed Mr. Huntsberry that four of those investigations were exempt from disclosure because they were still pending. The remaining 14 investigations were closed, but NCIS stated the files were not yet entered into their electronic database. For NCIS to obtain the files, it would require coordination with another office, causing the Request to fall within "unusual circumstances." NCIS stated it needed to extend the time to respond to the Request. After the records were uploaded, it would be another 12 to 16 weeks before the Request would be processed.

10. On April 26, 2022, Plaintiff Huntsberry emailed the NCIS FOIA team, inquiring about the status of the Request. NCIS responded the next day, stating the 14 completed investigation files would need to be packaged up and sent to NCIS Headquarters in Quantico, Virginia, then scanned and uploaded into their

records management system. They estimated this could take months to complete. Once they were uploaded, the Request would be put in the queue for processing. See **Exhibit B** attached hereto.

11. NCIS also stated that closed files generally contain a summary of the investigation and the outcome, and offered to process the closed reports for the 14 completed files. On May 25, 2022, Plaintiff Huntsberry requested the closed reports.

12. To date, Plaintiffs have not received any records from the four pending investigations or from the 14 closed investigations.

## FIRST CAUSE OF ACTION

## Violation of Freedom of Information Act

## 5 U.S.C. § 552(a)

13. Plaintiffs reallege and incorporate the above paragraphs as if set forth fully herein.

14. Plaintiff Huntsberry's FOIA Request seeks "agency" records within Defendants' custody and control.

15. Plaintiffs have a legal right under FOIA to obtain the agency records they requested in the Request. There is no legal basis for Defendant's failure to timely respond to Plaintiffs' Request and provide all records responsive to the Request.

16. Defendants failed to produce any responsive records to Mr. Huntsberry's FOIA Request. Plaintiffs have a legal right under FOIA to obtain the agency records they requested in their FOIA Request, and there exists no "unusual circumstances" or legal basis for Defendants' failure to respond to Plaintiffs' FOIA Request and to make these records available.

17. Defendant NCIS's failure to make promptly available records in response to Plaintiffs' FOIA Request has violated 5 U.S.C. § 552(a)(3)(A) and applicable regulations promulgated thereunder.

4

COMPLAINT
Case No.

18.   5 U.S.C. § 552(a)(4)(B) authorizes the grant of injunctive relief to Plaintiffs Voice of San Diego and Huntsberry because Defendant NCIS continues to flout FOIA and improperly withhold agency records.  Because Defendant NCIS's refusal to respond to Plaintiffs' Request prevents Plaintiffs from educating the public about suicides in the Navy and Marines in the San Diego area, Plaintiffs will continue to suffer irreparable injury from Defendants' withholding of government documents subject to Plaintiffs' Request in defiance of FOIA mandates.

19.   28 U.S.C. § 2201 authorizes declaratory relief because an actual and justiciable controversy exists regarding Defendants' improper withholding of agency records in violation of FOIA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as set forth below:

1.   Declare that Defendants violated FOIA in their response to Mr. Huntsberry's FOIA Request;

2.   Order Defendants to immediately disclose the requested records to Plaintiffs and enter an injunction prohibiting Defendants from continuing to withhold the requested records;

3.   Order Defendants to immediately disclose any responsive records in their possession or control to Plaintiffs;

4.   Award Plaintiffs their reasonable costs and attorney's fees;

5.   Grant such further relief as may be just and proper.

| | | |
|---|---|---|
| 1 | DATED: June 8, 2022 | Respectfully submitted, |
| 2 | | |
| 3 | | DAVIS WRIGHT TREMAINE LLP<br>Thomas R. Burke |
| 4 | | Selina Maclaren<br>Sam Lachman |
| 5 | | |
| 6 | | By: */s/ Thomas R. Burke* |
| 7 | |     Thomas R. Burke |
| 8 | | Attorneys for Plaintiffs |
| 9 | | VOICE OF SAN DIEGO and WILL HUNTSBERRY |

DAVIS WRIGHT TREMAINE LLP

6

COMPLAINT
Case No.

**EXHIBITS TO COMPLAINT**

| Name | Page |
|---|---|
| Exhibit A | 7 |
| Exhibit B | 10 |

DAVIS WRIGHT TREMAINE LLP

COMPLAINT
Case No.

7